United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40455
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL CONRADINO-NAVARRETE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1348-1
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gabriel Conradino-Navarrete (Conradino) appeals the sentence following his conviction by a jury for making false representations of his citizenship, in violation of 18 U.S.C. § 911. For the first time on appeal, he argues that the district court erred in imposing a sentence under a mandatory guideline scheme, in violation of United States v. Booker, 125 S. Ct. 738, 756-57 (2005). Because Conradino did not raise this issue in the district court, this court reviews the argument for plain error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir. 2005); <u>see also</u> <u>United States v. Malveaux</u>, __F.3d__, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005). Thus, Conradino must show:  (1) an error; (2) that is clear or plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of his judicial proceedings.  <u>United States v. Olano</u>, 507 U.S. 725, 732-35 (1993).

Conradino argues that the sentencing error was structural and that he thus need not show prejudice.  He alternatively maintains that prejudice should be presumed because the violation of his rights may have played a role in the district court's sentencing decision.  Conradino makes no showing, as required by <u>Valenzuela-Quevedo</u>, that the district court would likely have sentenced him differently under an advisory sentencing scheme. See <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34.  Similarly, there is no indication from the court's remarks at sentencing that the court would have reached a different conclusion.  Thus, Conradino has not met his burden to show that the district court's imposition of a sentence under a mandatory guideline scheme was plain error.  <u>See</u> <u>id.</u>  Accordingly, Conradino's sentence is AFFIRMED.